Attachment A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

FILED

MAR 1 5 2021

U.S. DISTRICT COURT
ELKINS WV 26241

_Andrew G. Diggins_

_Your full name_

**FEDERAL CIVIL RIGHTS
COMPLAINT
(_BIVENS_ ACTION)**

v.

_B.M. Antonelli, Warden_
_J. Caraway, Regional Director,_
_Michael Carvajal - Director,_
_Federal Bureau of Prisons,_

Civil Action No.: _1:21cv34_
_(To be assigned by the Clerk of Court)_

Kleeh Aloi Williams

Lt. Marshall,
John O'Brien

_Enter above the full name of defendant(s) in this action_

## I.   JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**.  The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II.   PARTIES

_In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided._

A.   Name of Plaintiff: _Andrew G. Diggins_   Inmate No.: _65610-279_
Address: _U.S.P. Coleman-2, P.O. Box 1034_
_Coleman FL 33521_

_In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided._

**Attachment A**

B.     Name of Defendant: _B. M. Antonelli_
       Position: _Warden_
       Place of Employment: _then- USP Hazelton_
       Address: _P.O. Box 5000_
       _Bruceton Mills WV 26525_
       (Current address is: 846 N.E. 54th Terrace, Coleman, FL, 33521)
       Was this Defendant acting under the authority or color of federal state
       law at the time these claims occurred? ☑ Yes     ☐ No

       If your answer is "YES," briefly explain: _Warden of USP_
       _Hazelton_
       _____
       _____

B.1    Name of Defendant: _J. Caraway_
       Position: _Mid-Adlantic Regional Director_
       Place of Employment: _Mid-Atlantic Regional Office_
       Address: _10010 Junctions Dr_
       _Annapolis Junction, MD, 20701_

       Was this Defendant acting under the authority or color of federal state
       law at the time these claims occurred? ☑ Yes     ☐ No

       If your answer is "YES," briefly explain: _Regional Director_
       _over U.S.P. Hazelton_
       _____
       _____
       _____

B.2    Name of Defendant: _Michael Carvajal_
       Position: _Director_
       Place of Employment: _BOP Central Office_
       Address: _320 First Street N.W._
       _Washington D.C. 20534_
       Was this Defendant acting under the authority or color of federal state
       law at the time these claims occurred? ☑ Yes     ☐ No

2

**Attachment A**

If your answer is "YES," briefly explain: Oversaw all BOP facilities including U.S.P. Hazelton

B.3   Name of Defendant: Marshall
Position: SIS Lieutenant
Place of Employment: USP Hazelton
Address: PO Box 5000
Bruceton Mills, WV, 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred? ☒ Yes   ☐ No

If your answer is "YES," briefly explain: SIS Lieutenant at USP Hazelton

B.4   Name of Defendant: John O'Brien
Position: DSCC Chief
Place of Employment: BOP Designation Center
Address: 346 Marine Forces Drive
Grand Prairie, TX, 75051

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred? ☒ Yes   ☐ No

If your answer is "YES," briefly explain: Oversaw designations and transfers of all USP Hazelton inmates

**Attachment A**

B.5   Name of Defendant: _Federal Bureau of Prisons_
Position: _Agency_
Place of Employment: _BOP Central Office_
Address: _320 First Street N.W._
_Washington D.C. 20534_

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?   ☑ Yes      ☐ No

If your answer is "YES," briefly explain: _Acting under 18_
_U.S.C. 4042 to operate USP Hazelton_
_____
_____
_____

## III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: _USP Coleman - 2_

A.   Is this where the events concerning your complaint took place?
☐ Yes      ☑ No

If you answered "NO," where did the events occur?
_USP Hazelton_

B.   Is there a prisoner grievance procedure in the institution
where the events occurred?   ☑ Yes      ☐ No

C.   Did you file a grievance concerning the facts relating to this complaint in the
prisoner grievance procedure?
☐ Yes      ☑ No

D.   If your answer is "NO," explain why not: _Denied the forms,_
_threatened, retaliated against_
_____
_____

E.   If your answer is "YES," identify the administrative grievance procedure
number(s) in which the claims raised in this complaint were addressed

---

Attachment A

and state the result at level one, level two, and level three.  **ATTACH
GRIEVANCES AND RESPONSES:**

LEVEL 1 _____

LEVEL 2 _____

LEVEL 3 _____


IV.   PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.   Have you filed other lawsuits in state or federal court dealing with the same
facts involved in this action?          □ Yes      □ No

B.   If your answer is "YES", describe each lawsuit in the space below.  If there
is more than one lawsuit, describe additional lawsuits using the same format
on  a separate piece of paper which you should attach and label: "IV
PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

2.   Court: _____
     *(If federal court, name the district; if state court, name the county)*

3.   Case Number:_____

4.   Basic Claim Made/Issues Raised: _____
_____
_____
_____

5.   Name of Judge(s) to whom case was assigned:
_____

6.   Disposition: _____
     *(For example, was the case dismissed?  Appealed?  Pending?)*

7.   Approximate date of filing  lawsuit:_____

**Attachment A**

8.    Approximate date of disposition. Attach Copies: _____N/A_____

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
          ☑ Yes        ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result.  If your answer is "NO," explain why administrative relief was not sought.

_They wouldn't give me the forms, threatened me_
_with a retaliatory transfer, then effected it._
_____
_____

E.    Did you exhaust available administrative remedies?
          ☑ Yes        ☐ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion.  If your answer is "NO," briefly explain why administrative remedies were not exhausted.

_They were available only in the sense I could ask_
_for forms, but beyond that the process of asking_
_almost cost me my life._____
_____
_____

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Describe each civil action or appeal.  If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.    Parties to previous lawsuit:

Attachment A

Plaintiff(s): _____

Defendant(s): _____

2.   Name and location of court and case number:

_____

_____

_____

3.   Grounds for dismissal: ☑ frivolous  ☐ malicious
     ☐ failure to state a claim upon which relief may be granted

4.   Approximate date of filing lawsuit: _____

5.   Approximate date of disposition: _____


V.   STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the <u>facts</u> of your case. Describe what <u>each</u> defendant did to violate your constitutional rights.* ***You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.*** *Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph.* ***UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)***

CLAIM 1: Violation of the 1st ~~and 8~~ Amendments
Retaliatory transfer in response to Complaints
listed as Claims 2-5

_____

_____

Supporting Facts: While confined to USP Hazelton the

Attachment A

Plaintiff sought to obtain the forms outlined in the BOP's policy on filing grievances (Program Stmt. 1330.16) to complain about the conditions in the SHU which form the basis of Claims 2-5 herein. (Continued on Page 10)

CLAIM 2:   Violation of the 8th Amendment - Deliberate Indifference to Covid-19 Pandemic While in Covid-19 SHU Status at USP Hazelton

Supporting Facts: Plaintiff at all times relevant to this Complaint was housed in the USP Hazelton SHU. In early 2020 Covid-19 (the disease caused by Sars-Cov2) began to spread throughout the world killing millions. The virus was very contagious and by (Continued on Page 8)

CLAIM 3:   Violation of 8th Amendment - Denial of Mental Health screening and treatment while housed at USP Hazelton SHU

Supporting Facts: The plaintiff is a 34-year old white male who at all times relevant to this claim was housed in USP Hazelton. Upon arrival plaintiff was placed in SHU upon his request to drop out of the Aryan Circle gang and receive protections as a result. (Cont'd on page 9)

CLAIM 4:   Violation of 29 U.S.C. 794 et seq. (Rehabilitation Act)

Supporting Facts:   Same as Claim 3

**Attachment A**

CLAIM 5: Violation of 8th Amendment - Denial of Out of Cell Time or Exercise in USP Hazelton SHU

Supporting Facts: At all times relevant to this claim the plaintiff was housed in the U.S.P. Hazelton SHU from Jan. 2020 until Mar. 2020. SHU inmates under BOP policy are due to receive at a minimum 5 hours out of cell time (Continued on Page 15)

## VI.   INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

1. Violated my constitutional and statutory rights.
2. Atrophied leg muscles, back pain, headaches, anxiety.
3. Depression, anxiety, suicidal ideation, insomnia, anguish.
4. Interference with right to be free of retaliation

## VII.   RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

1. Compensatory and punitive damages in an amount to be determined by a jury at trial.
2. Injunction enjoining defendant BOP from: (Continued on Page 16)

9

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ____USP Coleman 2____   on ____3-4-2021____.
                     (Location)                         (Date)

_____
Your Signature

Claim One, Continued:

Defendant Antonelli as Warden was responsible under 28 CFR Part 542 for administering BOP's Administrative Remedy Program at USP Hazelton. Ensuring staff compliance with that Program and governing policies was his and was final authority at USP Hazelton over such. Finally frustrated with the facts outlined in Claims 2-5 herein as described the plaintiff handed a letter to Antonelli seeking help to obtain grievance forms which were being denied to him by his Unit team at USP Hazelton. Antonelli became visibly upset reading the letter and angrily threatened to transfer plaintiff "to the deadliest shithole I can find" if he didn't "stop trying to file on shit." The plaintiff affirmed he wanted forms (but never got one) and Antonelli stated "I promise you'll regret asking me". Antonelli proceeded to ask defendant O'Brien, the BOP official who oversees inmate designations, to transfer the plaintiff to USP Pollock - one of BOP's other most violent institutions with a history of inmate-on-inmate assaults on homicides. Both Antonelli and O'Brien were trained to know as institutional executives who regularly prepared and reviewed transfer packets of ex-gang members that USP Pollock would not be a safe designation for plaintiff who as an ex-Aryan Circle gang member would be targeted for murder by active gangs at USP Pollock. (See also P.S. 5100.08).

11

Claim 2, Continued:

December 2020 would infect dozens at USP Hazelton, because, in early 2020 as the pandemic began the BOP took measures such as ending family visits and attorney visits to prevent transmission. But at USP Hazelton Antonelli oversaw a dismal internal response. Inmates were barred from buying any hygiene items including soap and hand sanitizer in SHU. Inmates were denied masks, the ability to house alone to engage in social distancing, the means to disinfect their cells (i.e., cleaning solution, paper towels, etc.). The defendant BOP, Antonelli, Caraway, Carvajal, had begun planning for Covid-19 in Jan. 2020 but failed to implement CDC recommended measures at USP Hazelton. Staff did not allow phone calls, failed to implement video visitation, and generally treated Covid-19 as "a joke" as one officer referred to it (alternately "the PLANdemic" a QAnon conspiracy theory). Even cell rotations every few weeks required the plaintiff to rotate with dozens of others from cell to cell, without cells being cleaned by anyone between. occupations by prior and new inmates such as plaintiff who received a dirt and feces caked cell in the middle of the Covid-19 pandemic. Letters to Antonelli, Caraway, and Carvajal seeking protection from Covid-19 were not answered nor responded to after plaintiff repeatedly sent them.

12B

Claim 3 Continued:

The plaintiff was taken from the intake area of USP Hazelton directly to the SHU. Plaintiff was confined to his cell 24 hours per day every day of his confinement in SHU from Jan. 2020 until his March departure from USP Hazelton. In his cell the plaintiff was permitted no books, magazines, radios televisions, or newspapers for mental and emotional stimulus. During the 6 week period in SHU the plaintiff sought mental health treatment due to a history of mental illness including psychiatric diagnoses of ADHD, Major Depression, Anxiety Disorder, Opioid Dependency and had been prescribed Wellbutrin and Suboxone by a licensed physician prior to his confinement at USP Hazelton. Plaintiff repeatedly spoke with Dr. Crouch - a psychologist at USP Hazelton about his pre-custodial prescriptions of Wellbutrin and Suboxone at least once per week for 6 to 7 weeks. Dr. Crouch stated that defendant BOP had extensive limitations on suboxone and wellbutrin but stated she referred plaintiff to a physician for evaluation. At no time was plaintiff seen by a physician, prescribed suboxone or Wellbutrin while at USP Hazelton. He was never prescribed it thereafter by any BOP physician. The plaintiff's pre-custodial physicians prescribed the 2 drugs regularly to treat his mental health needs. Plaintiff was

13

Claim Three Continued:

experiencing (and telling Dr. Crouch, defendant Antonelli about, each week) his anxiety, depression, suicidal ideation but neither Crouch nor Antonelli helped plaintiff access a physician. The BOP has been repeatedly sued for improper mental health treatment and medication assisted treatments. See e.g. Cunningham v. BOP, No. 12-CV-1570-RPM (D. Colo.) (discussing harms of segregated confinement and BOP interference with treatment of mentally ill inmates). The former BOP Director testified before the Senate Judiciary Committee twice about the agency's response to its denial of treatment to mentally ill inmates and defendant Carvajal was appointed Director following the infamous suicide of high profile inmate Jeffrey Epstein and was also involved in the post-Epstein review of policies and procedures at BOP institutions such as USP Hazelton, with respect to treatment of mentally ill inmates like plaintiff. Plaintiff wrote letters to the BOP, defendant Caraway and O'Brien, ~~letter~~ but received no examination or treatment by a medical doctor to reinstate the wellbutrin or suboxone.

Claim 5 Continued :

a week while in SHU. See 28 C.F.R. 541.31(g).
Only defendant Antonelli could alter this under
the regulation for plaintiff. In the Fourth Circuit
case precedent recognizes a constitutional right
to out of cell exercise for segregation inmates at
the time of plaintiff's time in SHU. See Mitchell
v. Rice, 954 F.2d 187 (4th Cir. 1992). Some
form of outdoor exercise is extremely important
to the psychological and physical well being
of inmates. The plaintiff was denied all
out of cell or outdoor exercise time during
his entire period of confinement at USP
Hazelton by Antonelli who also dictated
inmates could not receive educational, recreational
or rehabilitative out-of-cell programming, total
denial of reading materials of all forms, all
television and radio access, as well as email
and telephone or visitor access. Despite a
number of complaints on the issue, Caraway did
not lift or modify the ongoing and complete denial
of outdoor exercise/out of cell exercise. The lack
of physical stimulus significantly atrophied plaintiff's
leg muscles, abdominals, strength, stamina, energy and
mental health from the 7 week confinement to a small cell.

15

VII. Relief (continued):

i. denying plaintiff the Covid-19 vaccine.

ii. denying plaintiff access to face masks, virucidal cleaning solution, daily clean laundry, Covid-19 testing, paper towels, hand sanitizer, social distancing as per CDC recommendations.

iii. denying plaintiff access to social or legal visits via BOP's video visitation system.

iv. denying plaintiff CDC recommended phone time to maintain ties with his 2 young children and family members.

v. denying plaintiff immediate CARES Act Home Confinement.

vi. denying plaintiff housing in a low-security prison such as in Doe v. Wooten, 747 F.3d 1317 (11th Cir. 2014) to protect him as an ex-gang member.

Attachment E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Andrew Glen Diggins
_____
*Your full name*

v.                                                    Civil Action No.: _____

B.M. Antonelli, et al.
_____

_____

_____
*Enter above the full name of defendant(s) in this action*

### Certificate of Service

   I, Andrew Diggins (your name here), appearing *pro se*, hereby certify

that I have served the foregoing Complaint, IFP Motion (title of

document being sent) upon the defendant(s) by depositing true copies of the same in the

United States mail, postage prepaid, upon the following counsel of record for the

defendant(s) on 3-4-21 (insert date here):

   (List name and address of counsel for defendant(s))  U.S. Mail — Each

_____
(sign your name)

---

United States District Court                    Northern District of West Virginia-2013

